UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | Case No. 09-12535-BRL |
| SG & COMPANY NORTHEAST, LLC, *et al.*,[1] | : | |
| | : | Judge Burton R. Lifland |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------x

**ORDER (I) APPROVING THE FORM AND CONTENT OF THE DISCLOSURE STATEMENT RELATING TO THE DEBTORS' JOINT PLAN OF LIQUIDATION, (II) APPROVING PROPOSED SOLICITATION PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS, BALLOTING INSTRUCTIONS, MANNER OF NOTICE AND VOTE TABULATION PROCEDURES, AND (IV) SCHEDULING A HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES IN RESPECT OF CONFIRMATION OF THE JOINT PLAN OF LIQUIDATION**

The Court having reviewed the (A) motion (the "Motion")[2] of SG & Company Northeast, LLC (f/k/a Sheldon Good & Company), and its affiliated debtors and debtors in possession in the above captioned case (collectively, the "Debtors") For Entry of an Order (i) Approving The Form And Content Of The Disclosure Statement Relating To The Debtors' Joint Plan Of Liquidation, (ii) Approving Proposed Solicitation Procedures, (iii) Approving The Forms Of Ballots, Balloting Instructions, Manner Of Notice And Vote Tabulation Procedures For The Plan, And (iv) Scheduling A Hearing And Establishing Notice And Objection Procedures In Respect Of Confirmation Of The Plan, and (B) the Disclosure Statement; and due and proper notice of the hearing to approve the Disclosure Statement having been given to all necessary parties in accordance with the applicable provisions of Title 11 of the United States Code (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: SG Realty, Inc. (0375), SG & Company Northeast, LLC (6151), SG & Company Inactive, LLC (6728), SG & Company Brokerage, LLC (6727), SG & Company Colorado, LLC (5773), SG & Company International, LLC (1334), SG & Company of California, Inc. (6729), SG & Company Residential Sales, Inc. (5238), SG Partners International, LLC (6729) each with a mailing address and principal place of business of 333 W. Wacker Drive, Suite 400, Chicago, IL 60606.

[2] Terms not defined herein shall have the meaning attributed to them in the Motion.

"Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Bankruptcy Rules of this Court (the "Local Bankruptcy Rules"); and all creditors and parties-in-interest having been given due and proper notice of the Hearing and an opportunity to be heard at the Hearing; and any objections to the Disclosure Statement having been withdrawn, overruled by the Court, or rendered moot by virtue of the modifications made to the Disclosure Statement (together the "Objections"); and upon the record of this case; and after due deliberation thereon; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2)(A), and (O); and just cause appearing for the relief granted herein;

The Court hereby determines and finds that:

A. Notice of the Hearing has been given in accordance with the procedures provided by the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, as evidenced by affidavits of service filed with this Court and is due, sufficient and adequate and no other, further or different notice or service is necessary or appropriate.

B. The Disclosure Statement contains "adequate information" as such term is defined by Section 1125 of the Bankruptcy Code.

IT IS HEREBY ORDERED that:

1. The Disclosure Statement is approved in all respects as containing adequate information within the meaning of section 1125 of the Bankruptcy Code.

2. The Debtors are authorized to utilize an employee of Debtors' counsel to solicit, notice, receive and tabulate ballots cast on the Plan (the "Balloting Agent"). The Balloting Agent shall be responsible for certifying the accuracy of the ballot tabulation to the Court. The Balloting Agents's authority to perform the aforesaid services regarding the solicitation and tabulation of ballots is APPROVED.

3. The Form of Ballots attached as Exhibits "A", "B", and "C", respectively, are APPROVED and that the Debtors may use a Form of Ballot that is substantially similar to the Form of Ballot attached as Exhibits "A", "B", and "C" that may be modified if necessary in order for the ballots to be electronically read and tabulated.

4. All Ballots must be properly executed, completed and actually received by the Balloting Agent on or before April 27, 2010 at 5:00 PM (prevailing Eastern Time) (the "Ballot Deadline"). No Ballots received via e-mail, facsimile or any other electronic method will be accepted.

5. The Debtors are hereby authorized and empowered to implement the following Vote Tabulation Rules.

    (1) Unless otherwise provided, a claim will be deemed temporarily allowed for voting purposes in an amount equal to: (i) the amount of such claim as set forth in the Debtors' Schedules; or, (ii) if a proof of claim has been timely filed in respect of such claim, the amount set forth in that proof of claim;

    (2) If a claim is deemed allowed in accordance with the Plan, that claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth in the Plan;

    (3) If a claim, for which a proof of claim has been timely and properly filed and has not been disallowed is listed or marked or otherwise referenced on its face as contingent, unliquidated or disputed, either in whole or in part, that claim shall not be allowed for voting purposes;

    (4) If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, that claim will be temporarily allowed for voting purposes in the amount so estimated or allowed by the Court;

    (5) With respect to a claim as to which (i) the claim is (A) scheduled as contingent, unliquidated or disputed or (B) not scheduled and (ii) a proof of claim was not timely and/or properly filed, that claim shall not be allowed for voting purposes;

(6) If the Debtors have filed and served an objection to the amount, classification and/or allowance of a claim at least fourteen (14) days before the Ballot Deadline, that claim will be temporarily allowed, disallowed or reclassified for voting purposes as if the relief requested in the objection were granted; and

(7) If the holder of a claim identifies a claim amount on its Ballot less than the amount otherwise calculated according to the Tabulation Rules, the claim will be allowed for voting purposes in the lower amount identified on the Ballot.

6. The following additional rules, standards and protocols for the Tabulation Procedures shall be established:

(1) Any properly completed, executed and timely received Ballot that does not indicate acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted for tabulating the acceptance or rejection of the Plan;

(2) If no votes accepting or rejecting the Plan are received from any Class, that Class will not be counted for tabulating the acceptance or rejection of the Plan;

(3) If a claim holder submits multiple Ballots for the same claim before the Ballot Deadline, the last properly executed Ballot received before the Ballot Deadline will be deemed to reflect the voter's intent and will be the only Ballot submitted by such claim holder counted when tabulating the Ballots;

(4) Holders of more than one claim in the same Class of claims must vote all their claims to either accept or reject the Plan, no one multiple claim holder in the same Class may split their votes, and any votes that are so split will not be counted;

(5) In determining whether the number and claim amount requirements of Bankruptcy Code §§ 1126(c) and (d) have been met, only Ballots received by the Ballot Deadline will be counted; and

(6) Except where ordered otherwise by the Court, any received Ballot that casts a vote on behalf of a claim or equity interest that cannot be identified by the Balloting Agent as a claim or equity interest entitled to vote on the Plan, or cannot be identified as a claim

4

entitled to vote on the Plan in the Class and for the amount specified on that Ballot shall not be counted.

7. If any claim holder wishes to challenge the classification, allowance or disallowance of its claim for voting purposes in accordance with the Tabulation Rules, such claimant shall file a motion pursuant to Bankruptcy Rule 3018(a) (any such motion, a "3018 Motion") for an order temporarily authorizing such claim in a different amount of classification for voting purposes only. The claim holder wishing to file a 3018 Motion shall serve a copy of its motion on (a) the Debtors; (b) the Debtors' counsel; (c) the United States Trustee; and (d) all parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties") so that it is received no more than ten (10) calendar days after the later of (a) the date of service of the Confirmation Hearing Notice, and (b) the date of service of a notice of an objection (if any) to the underlying claim. Any 3018 Motion must be in writing, state the name and address of the objecting party, state with particularity the legal and factual basis for the objection, and be timely filed with the Court and served on the Notice Parties.

8. Any Ballot submitted by a party filing a 3018 Motion shall be counted in accordance with the Tabulation Rules unless and until the Court grants the relief requested by the 3018 Motion after notice and a hearing.

9. The hearing to consider confirmation of the Plan (the "Confirmation Hearing") shall be held before the Honorable Burton R. Lifland on May 4, 2010 at 10 a.m., in Courtroom 623 of the United States Bankruptcy Court, One Bowling Green, New York, New York 10004. The Confirmation Hearing may be continued from time to time without further notice except for (i) an announcement made at the Confirmation Hearing or any adjourned confirmation hearing, or (ii) a written notice filed with the Court and served on all parties who

have filed objections to confirmation of the Plan and all parties entitled to receive notice pursuant to Bankruptcy Rule 2002.

10. The Confirmation Objection Deadline. Any party wishing to object to the Plan's confirmation and to be heard at the Confirmation Hearing must: (a) object in writing; (b) include the name, address and nature of claim or interest of the objecting party; (c) state with particularity the basis and nature of the objection; and (d) file with the Court and serve on the Notice Parties no later than April 27, 2010 at 4:00 P.M. (prevailing Eastern Time) such Objection.

11. The Voting Record Date is the date of this order.

12. If a claim is transferred, the transferee will be entitled to receive Plan solicitation materials and other notices concerning the confirmation or rejection of the Plan, and, if otherwise entitled, to vote on the Plan, provided that the following steps necessary to transfer a claim under Bankruptcy Rule 3001(e) have been completed before the Voting Record Date: (a) the documents required by Bankruptcy Rule 3001(e) to evidence the claim's transfer, and (b) a sworn statement of the transferor acknowledging such valid transfer of the claim. Each transferee shall be treated as a single claim holder for the numerosity requirements of Bankruptcy Code § 1126(c) and other voting or solicitation procedures set forth herein.

13. The notice of the Confirmation Hearing substantially in the form attached as Exhibit "D" hereto (the "Confirmation Hearing Notice") is APPROVED.

14. Solicitation Packages: The following rules, standards, and protocols for the solicitation of votes are APPROVED by this Court:

  (1) The Debtors, their Professionals, and their agents are hereby authorized and empowered, pursuant to Section 1125 of the

Bankruptcy Code, to solicit acceptances or rejections of the Plan and engage or take such other conduct or acts as contemplated under the Bankruptcy Code or the Bankruptcy Rules.

(2) The Debtors shall transmit to all holders of Claims entitled to vote in connection with the Classes 1, 3 and 4 by March 29, 2010 (the "Service Date"): (a) a copy of the Disclosure Statement as approved by the Court; (b) a copy of the Court's order approving the Disclosure Statement; (c) the Confirmation Hearing Notice; and (d) the appropriate Ballot with a pre-addressed, postage paid return envelope (such materials shall be referred to herein collectively as the "Solicitation Package"). Inclusion of a ballot in a package shall not be deemed an admission that such person or entity is entitled to vote.

(3) The Debtors shall send only one Solicitation Package (appropriate for the holder of the Claim(s) or Equity Interest(s) entitled to vote on the Plan) to (a) holders of more than one Claim or Equity Interest classified in the same Class, and (b) Claim and Equity Interest holders who hold a Claim or Equity Interest entitled to vote on the Plan and who also hold an unclassified or unimpaired Claim.

(4) According to the Plan, Class 2 is unimpaired and not entitled to vote pursuant to Bankruptcy Code § 1126(f). The Debtors shall cause to be mailed, via first-class mail, a notice of non-voting status substantially similar to the form attached hereto as Exhibit E (the "Non-voting Status Notice") within five (5) business days from the date of this Order.

(5) The Non-voting Status Notice shall include information concerning the treatment of each class by the Plan; notice of the filing of the Plan; notice of the Disclosure Statement's approval; instructions for viewing or obtaining copies of the Disclosure Statement, Plan or other related documents; information regarding the Confirmation Hearing; and instructions for objecting to the Plan.

(6) Holders of Equity Interests in Class 5 of the Plan (the "Rejecting Holders") will receive no distribution or retain any property under the Plan, and pursuant to Bankruptcy Code § 1126(g), Class 5 is therefore deemed not to have accepted the Plan. The Debtors shall cause to be mailed, via first-class mail, a notice to Rejecting Holders, in a form substantially similar to Exhibit F attached hereto (the "Notice to Rejecting Holders"), within five (5) business days from the date of this Order.

(7) The Bankruptcy Rule 3017(d) requirements to the extent such requirements apply to Rejecting Holders is hereby waived. In lieu of Solicitation Packages, the Debtors are authorized to mail the Notice to Rejecting Holders.

(8) The Debtors are excused from mailing Solicitation Packages, Non-voting Status Notice, or Notice to Rejecting Holders to entities for which the Debtors do not have complete or accurate address information. The Debtors will base their decision not to mail such notice to parties for which the Debtors have received returned or undeliverable mail from the United States Postal Service from earlier mailings to holders of Claims or Equity Interests in or against the Debtors.

(9) Pursuant to orders of the Court, the Debtors have satisfied certain prepetition claims of employees and certain vendors. Since such claims have been satisfied, although they may remain on the Debtors' Schedules, such holders will not receive any distributions under the Plan and should not be permitted to vote on the Plan. Moreover, any Claim that has been disallowed by order of the Court should not be permitted to vote on the Plan. Accordingly, the Debtors are not required to send the Solicitation Package or other related notices to holders of such satisfied or disallowed claims.

(10) The solicitation of holders of claims or interests pursuant to this Order shall not be deemed a waiver of any of the Debtors' rights to challenge the priority, nature, amount, status or other aspect of any such claim or interest.

15. Service of all notices and documents described herein in the time and manner as set forth herein shall constitute due, adequate, and sufficient notice, and no other or further notice shall be necessary. The provision of notice in accordance with the procedures set forth in this Order shall be deemed good, adequate and sufficient notice of (i) the Confirmation Hearing; (ii) the time within which holders of claims and interests may vote to accept or reject the Plan; (iii) the time within which to object to the Plan or confirmation thereof; (iv) the time fixed for moving (a) for temporary allowance of claim or (b) to estimate claims for voting purposes only under certain circumstances; and (v) all other matters set forth herein.

16. Any party in interest wishing to obtain a copy of the Disclosure Statement, the Plan, any exhibits to those documents, or this Order may request such copies by making a request in writing to counsel for the Debtors, Smith, Gambrell & Russell, LLP, 250 Park Avenue, Suite 1900, New York, New York 10177 (Attn: Heidi J. Sorvino, Esq.). All documents that are filed with the Court may be reviewed (i) with a PACER password, at the Bankruptcy Court's website, http//ecf.nysb.uscourts.gov, or (ii) during regular business hours (8:30 a.m. to 4:00 p.m.) weekdays (except legal holidays) at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.

17. Prior to the mailing of the Solicitation Package, the Debtors may fill in any missing dates, correct any typographical errors and make such other non-material, nonsubstantive changes to the Solicitation Package as it deems appropriate.

18. This Court shall retain jurisdiction to hear all matters as may be related to, or arise from, this Order and/or the Solicitation Package. This Order shall be without prejudice to the right of the Debtor to request additional rules and guidelines to voting and solicitation procedures and related matters.

Dated: New York, New York
      March 23, 2010                      /s/Burton R. Lifland_____
                                           UNITED STATES BANKRUPTCY JUDGE